## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2017, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert D. Rivard,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 30, 2017

Court of Appeals Case No.
84A04-1611-CR-2838

Appeal from the Vigo Superior Court

The Honorable David R. Bolk, Judge

Trial Court Cause No.
84D03-1603-F2-812

**Najam, Judge.**

# Statement of the Case

Robert D. Rivard appeals his sentence after he pleaded guilty to dealing in methamphetamine, as a Level 2 felony. Rivard raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On March 17, 2016, the Indiana State Police obtained a search warrant for Rivard's residence after having conducted two controlled drug buys there. While executing that warrant, Rivard informed the searching officers that there was methamphetamine in the middle drawer of his bedroom dresser. There, officers found and seized 37.5 grams of methamphetamine. Officers also found and seized a black digital scale with white residue on it, a glass smoking device, and more than $5,000 in cash.

The State charged Rivard with several offenses. On September 16, Rivard pleaded guilty, pursuant to a written plea agreement, to dealing in methamphetamine, as a Level 2 felony. In exchange, the State agreed to dismiss four other charges and an habitual offender allegation. The parties further agreed that Rivard would not be sentenced to more than twenty-five years executed.

The trial court accepted Rivard's plea agreement and held a sentencing hearing. At the conclusion of that hearing, the court stated as follows:

[T]he aggravating factor here is . . . Mr. Rivard's criminal history. [H]e has nine prior felony convictions . . . many of them are alcohol and drug related . . . . I find no other statutory aggravating . . . factors. . . . [W]ith respect to . . . the mitigating factors . . . I'm not go[ing] to give much weight to the fact that he ple[aded] guilty because the habitual was dismissed as part of this proceeding . . . [,] but he did plead guilty, has taken responsibility and ple[aded], and has pl[eaded] to a significant and . . . serious . . . offense . . . . [B]ut he received a significant benefit because had he been convicted of a Level Two . . . it's a mandatory minimum non-suspendible . . . on . . . the habitual portion. . . . Mr. Rivard clearly has some health and medical issues that are more significant than . . . the Court usually sees. He's had a stroke, he's had . . . difficulty reading and writing, has difficulty using the right side of his body. . . . He was cooperative [during the execution of the search warrant]. . . . Mr. Rivard is not addicted to methamphetamine. . . . He's impoverished. He'd make [sic] an economic business decision . . . to sell methamphetamine. . . . [H]e's apologized for it, but it's clear that this is not a person who's using a little bit, selling a little bit. There was a significant amount of methamphetamine here . . . and Mr. Rivard . . . wasn't using. He has substance abuse issues . . . I mean, alcohol addiction probably, marijuana addiction admittedly . . . . [I]n light of Mr. Rivard's criminal history . . . this requires a slightly aggravated sentence over and above the advisory, so I'm go[ing] to impose a sentence of nineteen years. I'm going to order that six be executed at the Indiana Department of Correction[.] I'm go[ing to] order that Mr. Rivard be placed in a Therapeutic Community; specifically the Court's recommending G.R.I.P. or P.L.U.S. That upon successful completion of G.R.I.P. or P.L.U.S. . . . the Court will immediately suspend the balance of the six years and place him on formal probation . . . . With respect to the fourteen years suspended, I'm going to order that . . . [six and one-half years] be formal [probation], [six and one-half years] informal.

Tr. Vol. IV at 21-24.  This appeal ensued.

## Discussion and Decision

Rivard contends that his sentence is inappropriate.  Indiana Appellate Rule 7(B) permits an Indiana appellate court to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  We assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  The principal role of appellate review is to "leaven the outliers."  *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  A defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review.  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007).

According to Rivard, his nineteen-year sentence is inappropriate in light of the nature of the offense because, while he was in possession of a large amount of methamphetamine and cash, he was cooperative with police during the execution of the warrant, he was not in possession of firearms or other weapons, and he did not act "in a violent or aggressive manner at any time."  Appellant's Br. at 7.  And, with respect to his character, Rivard contends that his sentence is inappropriate because, while he has a lengthy criminal history, he suffers from several health problems, he is impoverished, he cooperated with police, and he pleaded guilty.

[7] We cannot agree with Rivard that his sentence is inappropriate. The trial court, having already considered all the factors raised on appeal, balanced them and imposed a nuanced sentence. In particular, the court ordered Rivard to serve nineteen years total, which is one and one-half years above the advisory term for a Level 2 felony. *See* Ind. Code § 35-50-2-4.5 (2016). But the court ordered only six of those nineteen years to be executed—well below the twenty-five years the court could have imposed under the plea agreement—and of those six years the court instructed Rivard that it would immediately suspend any portion of that time that remained once Rivard successfully completed a therapeutic community program. Of the other thirteen years, the court ordered that they be evenly split between formal and informal probation.

[8] Considering the amount of methamphetamine discovered in Rivard's residence, which was nearly quadruple the amount needed to convict him of the Level 2 felony offense, and his extensive criminal history, we cannot say that Rivard's sentence is inappropriate in light of the nature of the offense or his character. The trial court's carefully crafted sentence is not an "outlier" that requires appellate revision. *See Cardwell*, 895 N.E.2d at 1225. We affirm Rivard's sentence.

[9] Affirmed.


Riley, J., and Bradford, J., concur.